# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| SCRIPT SECURITY SOLUTIONS L.L.C., § § § *Plaintiff*, § § v. § § AMAZON.COM, INC. and AMAZON.COM, § LLC, § § *Defendants*. § § | Case No. 2:15-CV-1030-WCB (Lead Case) |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Dismiss for Improper Venue filed by defendants Amazon.com, Inc. and Amazon.com, LLC (collectively "Amazon"). Dkt. No. 73. Also before the Court are motions to dismiss the plaintiff's claims of indirect and willful infringement filed by defendants Amazon; Best Buy Stores, L.P. ("Best Buy"); and Time Warner Cable Enterprises LLC ("Time Warner"). Dkt. Nos. 73 and 74; Case No. 2:15-cv-1033, Dkt. No. 11. Each of the motions is DENIED.

## I. BACKGROUND

Plaintiff Script Security Solutions, L.L.C. ("Script") is a Texas corporation with its principal place of business in Austin, Texas. Script owns United States Patent Numbers 6,542,078 ("the '078 patent") and 6,828,909 ("the '909 patent"). On June 12, 2015, Script filed these consolidated actions alleging that the defendants directly, indirectly, and willfully infringed the '078 and '909 patents. Amazon subsequently filed a motion to dismiss for improper venue, as well as arguing that Script failed to adequately plead indirect and willful infringement. Dkt.

No. 11. Amazon and Best Buy filed motions arguing that Script failed to adequately plead indirect and willful infringement. Case No. 2:15-cv-1031, Dkt. No. 11. Time Warner filed a motion arguing that Script failed to adequately plead contributory and willful infringement. Case No. 2:15-cv-1033, Dkt. No. 11. Script subsequently amended its complaints against Amazon and Best Buy on two occasions. See Dkt. Nos. 42, 43, 57 & 58. Amazon and Best Buy responded to each amendment by re-filing their motions to dismiss. See Dkt. Nos. 49, 50, 73 & 74. Script has replied to those motions by incorporating the arguments it made in opposition to Amazon's and Best Buy's motions to dismiss Script's original and first amended complaints. See Dkt. Nos. 18, 61 & 95.

## II. ANALYSIS

### A. Motion to Dismiss for Improper Venue

Amazon has moved under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a) to dismiss this action for improper venue. The special venue provision that applies to patent cases reads as follows: "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). The general federal venue statute provides that a corporate defendant resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." Id. § 1391(c)(2); VE Holding Corp. v. Johnson Gas Appliance Co., 917 F.2d 1574, 1584 (Fed. Cir. 1990).

Amazon argues that the definition of "resides" in section 1391 should not be used to determine venue under section 1400(b) for patent cases. Although Amazon acknowledges that the VE Holding Corp. case held that the section 1391 definition applies to patent cases, it argues that the holding of the VE Holding Corp. case was repudiated by Congress in a subsequent

amendment to section 1391. Based on that amendment, Amazon argues that a corporate defendant in a patent case should be deemed to "reside" only in the State where the defendant is incorporated.[1]

In Fourco Glass Co. v. Transmirra Products Co., 353 U.S. 222, 226 (1957), the Supreme Court addressed the interaction between sections 1391 and 1400. At the time, section 1391 was entitled "venue generally." It read:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, except as otherwise provided by law.
>
> (c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes.

28 U.S.C. § 1391 (1958). Section 1400 read, as it still does:

> (b) Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

28 U.S.C. § 1400 (1958).

The Court in Fourco Glass reasoned that "it is clear that § 1391(c) is a general corporation venue statute, whereas § 1400(b) is a special venue statute applicable, specifically, to all defendants in a particular type of actions, i.e., patent infringement actions." Fourco Glass, 353 U.S. at 228. The Court therefore held "that 28 U.S.C. § 1400(b) is the sole and exclusive

---

[1] Amazon's argument is similar to the argument presented to the Federal Circuit recently in In re TC Heartland LLC, No. 16-105 (Fed. Cir.). That case was argued before the Federal Circuit on March 11, 2016, and is now under submission. Rather than await the Federal Circuit's decision, this Court has decided to address the venue issue in order to move this case along, as the present motions have been pending since August 2015, it is part of the Court's longest pending motions, and the time for claim construction proceedings is fast approaching. If the Federal Circuit's decision, when issued, has the effect of making venue for this case improper in this district, the Court will, of course, revisit its decision on this issue and revise its venue ruling accordingly.

provision controlling venue in patent infringement actions, and that it is not to be supplemented by the provisions of 28 U.S.C. § 1391(c)." Id. For that reason, the Court ruled that a corporate defendant in a patent case could not be sued in any judicial district in which it is doing business, as provided in section 1391(c), but only in a district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business," as provided in section 1400(b). Id. at 228-29. The Court further stated that the term "resides" in section 1400(b), like the term "inhabitant" in the predecessor to section 1400(b), "mean[s] domicile, and, in respect of corporations, means[s] the state of incorporation only." Id. at 226.

In 1988, Congress amended the venue statutes; in particular, it amended section 1391(c) to read as follows:

> (c) For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C. § 1391(c) (1988). At that time, section 1391(b) read as follow: "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law."

In VE Holding, the Federal Circuit addressed whether the 1988 amendment to section 1391 had altered the Supreme Court's analysis in Fourco regarding the proper venue for corporate defendants in patent cases. After examining the 1988 statute, the court concluded that

as a result of the change in section 1391(c), the reasoning of Fourco Glass was no longer applicable. The VE Holding court explained that the new version of section 1391(c) applied "to all of chapter 87 of title 28, and thus to § 1400(b)." VE Holding, 917 F.2d at 1580. Because the newly amended section 1391(c) operated to define the term "reside" for purposes of all the provisions of the venue chapter, including section 1400(b), that definition governed the meaning of the term "resides" in section 1400(b). The Court explained that the rationale of Fourco—that the more specific section 1400(b) took precedence over the more general section 1391—was inapplicable to the new section 1391(c), which was definitional in nature and "expressly reads itself into the specific statute, § 1400(b)." VE Holding, 917 F.2d at 1580. Applying the language of section 1391(c), the court held that the statutory definition of "resides" applied to the use of that term in section 1400(b), with the result being that a corporate patent defendant could be sued "in any district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c) (1988).

Section 1391 was amended once again in 2011. The new, and current, version of the statute states:

> (a) APPLICABILITY OF SECTION.—Except as otherwise provided by law—
>> (1) this section shall govern the venue of all civil actions brought in district courts of the United States; and
>>
>> (2) the proper venue for a civil action shall be determined without regard to whether the action is local or transitory in nature.
>
> (b) VENUE IN GENERAL.—A civil action may be brought in—
>> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>>
>> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a

> substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.
>
> (c) RESIDENCY.—For all venue purposes—
>
> . . .
>
> (2) an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question and, if a plaintiff, only in the judicial district in which it maintains its principal place of business . . . .

28 U.S.C. § 1391 (2012).

Amazon argues that under the 2011 version of section 1391, VE Holding is no longer applicable and that venue for patent cases should be solely determined by section 1400(b) and the limited definition of corporate residency supplied by Fourco. By adding the language "except as otherwise provided by law" to section 1391(a), Amazon argues, Congress eliminated the VE Holding court's statutory basis for its decision that section 1391's definition of residency governs the meaning of the term "resides" in section 1400. As Amazon puts it, "[s]ection 1391 *does not apply* if a venue statute specific to the type of civil action at issue exists." Amazon's Third Motion to Dismiss ("Amazon Mot."), Dkt. No. 73, at 11 (emphasis in original). Because section 1400(b) is a separate venue statute, Amazon argues that the venue rule set out in that section is "otherwise provided by law" and that venue for patent cases is therefore not governed by section 1391 at all.

This Court disagrees with Amazon's statutory analysis. The use of the phrase "[e]xcept as otherwise provided by law" in the 2011 revision to section 1391 does not undermine the

conclusion of the VE Holding court that section 1391(c) provides a definition of residency not only for the general venue statute, section 1391, but also for certain specific venue statutes, including section 1400(b). Significantly, the phrase "except as provided by law" was not new in the 2011 version of section 1391. That phrase was previously found in subsection 1391(b); the 2011 statute simply moved the phrase to subsection 1391(a). With regard to the proper venue for patent cases, that revision had no effect, for the reasons explained below.

The current version of subsection 1391(a) provides that section 1391 governs the venue "of all civil actions" unless "otherwise provided by law." The phrase "except as otherwise provided by law" ensures that other statutes that address venue for specific causes of action provide the rules for determining where venue may be laid for cases brought under those statutes. See, e.g., 15 U.S.C. § 15a (United States may bring antitrust suit in any district "where the defendant resides"); 18 U.S.C. § 1965 (civil RICO action may be filed in any district in which the defendant "resides"); 29 U.S.C. 1132(e)(2) (ERISA action may be filed in any jurisdiction "where the plan administrator resides"); 45 U.S.C. § 56 (FELA action may be filed "in the district of the residence of the defendant."). But subsection 1391(c) is not a statute that prescribes where venue lies. Instead, it defines the term "residency," and it does so for "all venue purposes," which necessarily includes the patent venue statute, section 1400(b). See VE Holding, 917 F.3d at 1580 ("§ 1391(c) only operates to define a term in § 1400(b)—it neither alone governs patent venue nor establishes a patent venue rule separate and apart from that provided under § 1400(b)").

Section 1400 provides where venue will lie for copyright and patent cases. In so doing, however, section 1400 does not define the term "resides." For the definition of that term, section 1400 relies on section 1391(c). Because section 1400 does not define the term "resides," and

thus does not define that term in a way that is contrary to the definition set forth in subsection 1391(c), using section 1391(c) to supply a definition of "residency" does not run afoul of the "[e]xcept as otherwise provided by law" limitation found in section 1391(a).

For that reason, the analysis in <u>VE Holding</u> is just as applicable to the post-2011 version of the venue statute as it was to the pre-2011 version. In fact, the language of the 2011 amendment to section 1391(c) is even broader than the language it replaced. The 1988 version of section 1391(c) made its provisions applicable "[f]or purposes of venue under this chapter," while the 2011 version of section 1391 makes its provisions applicable "[f]or all venue purposes." Thus, the current version of section 1391(c) defines residency not only for section 1391, and not only for venue statutes that are part of the venue chapter of title 28, but for all statutes that grant venue, which of course includes section 1400.

This interpretation of the interplay between the current version of section 1391(c) and section 1400(b) is supported by the legislative history of the 2011 amendments. The House Committee Report that addressed the 2011 venue amendments stated that "proposed subsection 1391(c) would apply to all venue statutes, including venue provisions that appear elsewhere in the United States Code. It defines residency for natural persons, incorporated and unincorporated entities, and also provides a rule for nonresident defendants. This would replace current subsection 1391(c), which applies only to corporations as defendants, and only for purposes of venue under Chapter 87." H.R. Rep. No. 112-10, at 20 (2011). That statement indicates that subsection 1391(c) would apply to 1400(b), because section 1400(b) is a venue statute that refers to residency.

The portion of the legislative history cited by Amazon does not suggest otherwise. The House Report says that "[n]ew paragraph 1391(a)(1) would follow current law in providing the

general requirements for venue choices, but would not displace the special venue rules that govern under particular Federal statutes." Id. at 18. Based on that passage, Amazon argues that where a special venue statute applies, no part of section 1391 applies, including the definitions in section 1391(c). Amazon Reply Br., Dkt. No. 99, at 4. That argument, however, conflates the portion of section 1391 that sets the default venue rules (section 1391(b)) with the portion that defines the term residency (section 1391(c)). There is no dispute that the default venue provision, subsection 1391(b), does not apply to patent cases, just as it does not apply to the numerous other statutes that contain specific venue rules. As noted, however, the definitional provision, subsection 1391(c), applies "[f]or all venue purposes." It thus provides a definition of the term "residency" not only for the general venue rule in section 1391(b), but also for the specific venue rules in other statutes, including section 1400(b). Thus, the legislative history indicates that Congress intended for section 1391(c) to continue to supply a definition of the term "residency" or "resides" that would apply to the specific venue statutes, including section 1400(b), and that the new language in section 1391(a) was not intended to change the reach of that definitional section.

The post-2011 district court cases cited by Amazon also do not support its position. They stand for the commonplace proposition that a specific venue-granting statute takes precedence over the general venue-granting provision of section 1391. See, e.g., Cooper v. Dep't of the Army, No. 4:13-CV-3086, 2013 WL 6631618, at *5 ("venue is controlled by the specific provisions set forth in § 2000e–5(f)(3), as opposed to § 1391"). Those cases do not stand for the proposition that subsection 1391(c), which by its very terms defines residency "for all venue purposes," does not do so when the grant of venue is determined by a specific venue statute.

Finally, Amazon argues that if the definition of residency in subsection 1391(c) is applied to corporations under Section 1400(b), then the second prong of section 1391(c)—"where the defendant has committed acts of infringement and has a regular and established place of business"—would be superfluous because the broad definition of residency in section 1391(c) would already cover that ground. However, the Federal Circuit addressed and rejected that argument in VE Holding, explaining:

> It can be argued that by reading § 1391(c) into § 1400(b), the second test under § 1400(b) becomes superfluous and thus meaningless. For, wherever a corporate defendant commits acts of infringement and has a regular and established place of business, it will necessarily be subject to personal jurisdiction there. However, this argument overlooks that § 1400(b) applies to all defendants, not just corporate defendants, and thus the second test for venue remains operative with respect to defendants that are not corporations.

VE Holding, 917 F.2d at 1580 n.3.

In sum, the 2011 amendments to section 1391 did not change the basis for the Federal Circuit's holding in VE Holding that section 1391(c)'s definition of residency applies to section 1400(b).

**B. Motion to Dismiss for Insufficient Pleading of Indirect Infringement and Willfulness**

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a complaint if the complaint "fail[s] to state a claim upon which relief can be granted." The question resolved on a motion to dismiss for a failure to state a claim is not whether the plaintiff will ultimately prevail, "but whether [the] complaint was sufficient to cross the federal court's threshold." Skinner v. Switzer, 562 U.S. 521, 530 (2011). When considering a motion to dismiss under Rule 12(b)(6), a court "accept[s] all well-pleaded facts as true, and view[s] those facts in the light most favorable to the plaintiff." Bustos v. Martini Club, Inc., 599 F.3d 458, 461 (5th Cir. 2010). The court may consider "the complaint, any documents attached to the complaint, and any documents

attached to the motion to dismiss that are central to the claim and referenced by the complaint." Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC, 594 F.3d 383, 387 (5th Cir. 2010).

Upon viewing the facts most favorably to the plaintiff, the court must then decide whether those facts state a claim for relief that is plausible on its face. Bowlby, 681 F.3d at 217. "A claim is plausible if 'the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." United States v. Bollinger Shipyards, Inc., 775 F.3d 255, 260 (5th Cir. 2014) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Instead, the standard "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the claim]." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007). "The factual allegations in the complaint need only 'be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" Wooten v. McDonald Transit Associates, Inc., 788 F.3d 490, 498 (5th Cir. 2015) (quoting Twombly, 550 U.S. at 555)).

The plausibility standard "does not give district courts license to look behind [a complaint's] allegations and independently assess the likelihood that the plaintiff will be able to prove them at trial." Harold H. Huggins Realty, Inc. v. FNC, Inc., 634 F.3d 787, 803 n.44 (5th Cir. 2011)). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a plaintiff is generally required to provide "only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of [the plaintiff's] legal argument." Skinner, 562 U.S. at 530. The "short and plain" statement does "not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." Johnson v. City of Shelby, Miss., 135 S. Ct. 346, 346

(2014) (citing 5 C. Wright & A. Miller, § 1215, p. 172 (3d ed. 2002) (Rule 8(a)(2) "indicates that that a basic objective of the rules is to avoid civil cases turning on technicalities")).

   **1. Indirect Infringement**

      *a. Induced Infringement*

"Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). "[L]iability for inducing infringement attaches only if the defendant knew of the patent and that 'the induced acts constitute patent infringement.'" Commil USA, LLC v. Cisco Systems, Inc., 135 S. Ct. 1920, 1926 (2015) (quoting Global-Tech Appliances, Inc. v. SEB S.A., 131 S. Ct. 2060, 2068 (2011)). Knowledge of the patent can be shown directly or through evidence of willful blindness on the part of the defendant. In order to prove knowledge by evidence of willful blindness, the patentee must show that (1) the defendant subjectively believes that there is a high probability that a fact exists and (2) the defendant must have taken deliberate actions to avoid learning of that fact. Global-Tech, 131 S. Ct. at 2070.

Amazon and Best Buy argue that the complaint fails to adequately plead induced infringement because it does not contain "(1) any allegation that Amazon knew that third parties were infringing the patents, much less factual allegations that would support such a bare conclusion; (2) any factual allegation supporting Script's bare assertion that Amazon acted with the requisite specific intent; and (3) any factual allegation supporting Script's bare assertion that Amazon even knew of the patents before this action was filed." Amazon Mot., at 20; see also Best Buy's Third Motion to Dismiss ("Best Buy Mot."), at 9. Time Warner does not challenge Script's pleading of induced infringement.

Contrary to Amazon's and Best Buy's contentions, Script has pleaded the specific products alleged to infringe; the functionality of the products that infringe; that Amazon and Best Buy had knowledge of the patents before the filing of the initial complaint and at the time that

the first complaint was filed; that the defendants arranged to remain willfully blind to Script's patents by adopting a policy of not reviewing the patents of others; and that the defendants induced customers to infringe the patents by instructing them in advertising and promotion to use the accused products in an infringing way. Script Second Amended Complaint Against Amazon ("Amazon 2d Amd. Comp."), Dkt. No. 57, at ¶¶ 20, 21, 25, 26, 27, and 23; Script Second Amended Complaint Against Best Buy ("Best Buy 2d Amd. Comp"), Dkt. No. 58, at ¶¶ 18, 22, 23, 24, 25, and 21.

For the portion of the alleged induced infringement occurring after the first complaint was filed, Script relies on the filing of the initial complaint to show knowledge of the patents in suit. See Achates Reference Pub., Inc. v. Symantec Corp., No. 2:11-CV-294, 2013 WL 693955, at *2 (E.D. Tex. Jan. 10, 2013) ("Symantec has had knowledge of the patent, as well as knowledge that the use of the activation component infringes the asserted patents, since at least the time of the filing of the Complaint. Because the Complaint alleges that the infringement is ongoing, it is plausible that some induced infringement has occurred during the pendency of this case."), recommendation adopted by No. 2:11-CV-294, 2013 WL 693885 (E.D. Tex. Feb. 26, 2013).

This approach, although rejected by some district courts, is in keeping with the decisions of most courts that have considered the issue recently. See, e.g., Regents of the Univ. of Minn. v. AT&T Mobility LLC, No. 14-4666, 2015 WL 5719465, at *7 (D. Minn., Sep. 29, 2015) (surveying district courts and finding that district courts in Delaware, the Eastern District of Texas, the Northern District of California, and the Northern District of Illinois have allowed post-complaint inducement to be pleaded based on knowledge acquired as a result of the defendant's receipt of the complaint); Bascom Research LLC v. Facebook, Inc., No. C12-6293,

2013 WL 968210, at *4 (N.D. Cal. Mar. 12, 2013); Walker Digital, LLC v. Facebook, Inc., 852 F. Supp. 2d 559, 565 (D. Del. 2012); Trading Techs. Int'l, Inc. v. BCG Partners, Inc., No. 10C715 et al., 2011 WL 3946581, at *4 (N.D. Ill. Sept. 2, 2011); see also Zond, Inc. v. SK Hynix Inc., Civil Action Nos. 13-11591 & 13-11570, 2014 WL 346008, at *3 (D. Mass. Jan. 31, 2014) ("[P]leading actual knowledge as of the date of the filing of the original complaint sufficiently states a claim for induced infringement, but only in a later amended complaint."); contra Orlando Commc'ns LLC v. LG Elecs., Inc., No. 6:14-cv-1017, 2015 WL 1246500, at *8-9 (M.D. Fla. Mar. 16, 2015); Proxyconn v. Microsoft, No. SACV 11-1681, 2012 WL 1835680, at *7 (C.D. Cal. May 16, 2012). In the absence of any Federal Circuit decision addressing this issue, this Court is persuaded by reasoning adopted by the majority of recent district court decisions that have ruled that a complaint provides sufficient notice of the existence of the patent-in-suit to support a claim of indirect infringement as to conduct following the filing of the initial complaint in the case. See, e.g., CAP Co. v. McAfee, Inc., Cases No. 14-cv-5068 & 14-cv-5071, 2015 WL 3945875, at *5 (N.D. Cal. June 26, 2015) ("A complaint is a perfectly adequate notice to defendants for indirect infringement claims for post-filing conduct.").

For the portion of the alleged induced infringement occurring before the first complaint, Script relies on willful blindness to plead knowledge. "A complaint that fails to identify any affirmative actions taken by the defendant to avoid gaining actual knowledge of the patent-in-suit is insufficient to state a claim for relief based on the willful blindness theory under the pleading standards set forth in Rule 8, Twombly, and Iqbal." Monec Holding AG v. Motorola Mobility, Inc., 897 F. Supp. 2d 225, 230 (D. Del. 2012). Taking all inferences in Script's favor, it has pleaded that the defendant took an affirmative action to avoid gaining knowledge of the patents in suit—ignoring all patents as a matter of policy.

Reading the complaints as a whole, Script has sufficiently pleaded inducement against Amazon and Best Buy.

        *b. Contributory Infringement*

A complaint properly pleads a claim of contributory infringement if it contains sufficient facts from which the court may conclude that the claim is plausible. In re Bill of Lading Transmission & Processing System Patent Lit., 681 F.3d 1323, 1337 (Fed. Cir. 2012). Contributory infringement occurs if a party sells or offers to sell a material or apparatus for use in practicing a patented process, and if the material or apparatus "is material to practicing the invention, has no substantial non-infringing uses, and is known by the party 'to be especially made or especially adapted for use in an infringement of such patent.'" Id. (quoting 35 U.S.C. § 271(c)).

Amazon, Best Buy, and Time Warner allege that Script's allegations "are simply a 'formulaic recitation of the elements of a cause of action,' almost entirely devoid of factual enhancement, and are insufficient to sustain the claim." Amazon Mot., at 22 (quoting Twombly, 550 U.S. at 555); Best Buy Mot., at 10; Time Warner Motion to Dismiss ("Time Warner Mot."), Case No. 215-cv-1033, Dkt. No. 11, at 6. However, Script identifies specific accused products and systems for each defendant. See Amazon 2d Amd. Comp., at ¶ 10; Best Buy 2d Amd. Comp., at ¶ 8; Script's Complaint Against Time Warner ("Time Warner Comp."), Case No. 215-cv-1033, Dkt. No. 1, at ¶ 13. For each defendant, Script has characterized the infringing functionality of the accused products as constituting "special features includ[ing] the ability of users to remotely receive notifications when an alarm that detects motion (including motion of a window or door) is triggered in a manner that infringes the 078, 909, and 091 patents." Amazon 2d Amd. Comp., at ¶ 24; Best Buy 2d Amd. Comp., at ¶ 22; Time Warner Comp., at ¶ 20. Script also identifies that the end users are the direct infringers. As the accused products are security

systems, it is reasonable to infer from the accused functionality of motion sensing that there is no substantial non-infringing use. See Achates, 2013 WL 693955, at *2 ("The asserted patents are directed to methods of installing information products where a launch code or token is used to prevent an unauthorized end user from installing the information products on a computer. . . . As the Court understands the Complaint, Symantec is accused of selling software products with an activation component that performs the patented method steps. In light of the nature of the patented technology and the accused components, the Complaint states adequate facts to infer that the activation component has no use other than to perform the method steps."). The allegations in the complaints are therefore sufficient to plead contributory infringement against Amazon, Best Buy, and Time Warner.

### 2. Willfulness

A claim for willful patent infringement requires proof that (1) "the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent," and (2) "this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer." In re Seagate Tech., LLC, 497 F.3d 1360, 1371 (Fed. Cir. 2007). Willfulness does not equate to fraud and therefore does not require the plaintiff to satisfy the more stringent pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure. Mitutoyo Corp. v. Central Purchasing, LLC, 499 F.3d 1284, 1290 (Fed. Cir. 2007). The Federal Circuit has instructed that under ordinary circumstances, willfulness will largely depend on an infringer's pre-litigation conduct. Seagate, 497 F.3d at 1374. Therefore, "when a complaint is filed, a patentee must have a good faith basis for alleging willful infringement," and Script must meet "the requirements of Federal Rules 8(a) and 11(b) at the time of filing." Id.; Advanced Data

Access LLC v. Nanya Tech. Corp., No. 6:11-cv-473, 2012 WL 10873894, at *3 (E.D. Tex. Apr. 24, 2012).

Amazon, Best Buy, and Time Warner argue that Script fails to adequately plead willfulness, arguing that "Script pleads no facts showing that Amazon actually knew or should have known that its actions constituted an unjustifiably high risk of infringement of a valid and enforceable patent." Amazon Mot., at 15; see also Best Buy Mot., at 5; Time Warner Mot., at 14-15. However, Script has pleaded knowledge of the patent, that defendants' customers are infringing, and that the defendants encourage this infringement. Amazon 2d Amd. Comp., at ¶ 25, 27, 23; Best Buy 2d Amd. Comp., at ¶ 23, 25, 21; Time Warner Comp., at ¶ 23, 25, 21. Script has sufficiently pleaded that the defendants were aware of the patents before the filing of this action. See Oracle Corp. v. DrugLogic, Inc., 807 F. Supp. 2d 885, 902 (N.D. Cal. 2011) ("DrugLogic has alleged that Oracle and Phase Forward were aware of the '091 patent and 'continued their actions.' Accordingly, the Court finds that DrugLogic has alleged sufficient facts to support a plausible claim for willful infringement. . . .").

## CONCLUSION

For the foregoing reasons, the motions to dismiss the complaints against Amazon, Best Buy, and Time Warner are denied.

IT IS SO ORDERED.

SIGNED this 16th day of March, 2016.

_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE